NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

THOMAS FRAZIER, PETITIONER, v. SCHULTZE VEGE-
TABLE OIL COMPANY, RESPONDENT.

A formal petition for compensation having been filed in this cause, to which an answer was thereafter filed by respondent, and the matter coming on in due course to be heard before this bureau at Newark, in the presence of Meaney & Lifland, attorneys for the petitioner, and McCarter & English, attorneys for the respondent, and a basis for settlement of the case having been arrived at by the parties and having been submitted to this court, and testimony having been taken thereon and said settlement having been approved by this court, it is found and determined from the stipulated facts and from the testimony as follows:

On or about October 6th, 1927, petitioner was in the employ of respondent at a wage of $30 per week. He states that on that day he sustained an accident arising out of and in the course of his employment and which consisted in his striking his head against an iron beam in respondent's factory. Petitioner, in his petition, gives the date of his alleged accident as November 2d, 1927. This date has been amended to on or about October 6th, 1927. Petitioner claims that as a result of said accident he has become totally and permanently blind. There is no question but that petitioner is totally and permanently blind, and this settlement is made on the basis of said total and permanent blindness. Respondent denies that petitioner sustained an accident arising out of and in the course of his employment with respondent, and

further denies that his blindness is the result of any such accident. There is a grave question as to both these things. Respondent, however, for the purposes of disposing of this case and primarily because of the total and permanent blindness of the petitioner, has agreed to settle any and all claims of the petitioner arising out of the accident he alleges for six and one-seventh weeks' temporary disability, amounting to $104.42, and for seventy-two per cent. of total permanent disability, amounting to $4,896, making a total of $5,000, and this settlement has been accepted by the petitioner and his attorneys and is approved by this court.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Application having been made by the petitioner herein to the full board of this bureau on November 19th, 1928, for the payment of the above award in a lump sum and said lump sum payment having been approved by said board and application having been made to said full board of this bureau on said date by the attorneys for the petitioner for a counsel fee for their services for the petitioner in this case and said board having allowed said attorneys the sum of $500 as and for their counsel fee and expenses, said $500 to be paid by the petitioner herein and said full board of this bureau having directed the respondent in this case to pay to the attorneys for the petitioner said sum of $500 to be deducted from the award allowed the petitioner and said board having further directed the respondent to pay the balance of said lump sum award, namely, $4,500 to the petitioner, through the commissioner of labor, in the manner designated by said full board at said meeting.

It is, therefore, further ordered that the respondent pay petitioner's attorneys, Messrs. Meaney & Lifland, the sum of $500, representing the counsel fee allowed said petitioner's attorneys by said full board, and

It is, therefore, further ordered that the respondent pay the balance of said award, namely, $4,500 to the petitioner herein, through the commissioner of labor, in the manner directed by the said full board \* \* \*.

HARRY J. GOAS,
*Deputy Commissioner.*